UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Kenneth Mefford**, | |
| Plaintiff, | Case No. |
| v. | |
| **RCS Recovery Services, LLC**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Kenneth Mefford** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **RCS Recovery Services, LLC** (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (FDCPA) and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the FDCPA claims in this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard

1

to the amount in controversy," and under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. This jurisdiction was specifically confirmed to apply to cases under the TCPA by <u>Mims v. Arrow Financial Services, LLC</u>, 565 U.S. 368 (2012)

4. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Michigan and because the occurrences upon which Plaintiff bases this action arose and caused Plaintiff to suffer injury in the State of Michigan.

5. Venue is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

6. Plaintiff is a natural person residing in Warren, Michigan 48089.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant is a business entity with headquarters at 600 Fairway Drive, Suite 108, Deerfield Beach, Florida 33441.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

11. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

13. Plaintiff has a cellular telephone number.

14. Plaintiff has only used this phone number as a cellular telephone.

15. Beginning in or before July 2017, Defendant repeatedly called Plaintiff on his cellular telephone to collect an alleged consumer debt.

16. Within the first few calls in July 2017, Plaintiff told Defendant that he did not owe the debt and that he did not wish to be contacted.

17. On subsequent calls, Plaintiff again repeated his statement that he did not owe the debt and his instruction to Defendant not to call.

18. However, Defendant continued to contact him.

19. Once Defendant knew its calls were unwanted any further calls could only have been placed for the purpose of harassing Plaintiff.

20. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure, especially when Defendant would contact Plaintiff while he was at work.

21. On at least one occasion, Defendant's collector threatened to take legal action against Plaintiff.

22. Upon information and belief, Defendant did not intend to take legal action and could not take legal action against Plaintiff.

23. Further, when placing calls to Plaintiff during this time, Defendant used an automated telephone dialing system and/or pre-recorded voice.

24. Plaintiff knew that Defendant's calls were automated calls as the calls would start with a recording before being connected with Defendant's live collectors.

25. Defendant's calls were not for emergency purposes.

26. Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

## COUNT I
## DEFENDANT VIOLATED §§ 1692D AND 1692d(5) OF THE FDCPA

27. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

29. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or

continuously with the intent to annoy, abuse or harass any person at the called number.

30. Defendant violated both section 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff within the one year period preceding the filing of this Complaint with knowledge that Plaintiff did not want to be contacted and disputed owing the debt.

## COUNT II
## DEFENDANT VIOLATED §§ 1692e, 1692e(5), AND 1692e(10) OF THE FDCPA

31. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32. Section 1692e of the FDCPA forbids debt collectors from using false, deceptive, or misleading means in connection with the collection of any debt.

33. Section 1692e(5) forbids debt collectors from threatening to take any action that cannot legally be taken or that is not intended to be taken.

34. Section 1692e(10) of the FDCPA forbids a debt collector from using of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. Defendant violated sections 1692e, 1692e(5), and 1692e(10) of the FDCPA when it threatened to take legal action that it did not intend to take and could not take within the one year period preceding the filing of this Complaint.

## COUNT III
## **DEFENDANT VIOLATED THE TCPA**

36. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

37. Section 227(b)(1)(A)(iii) of the TCPA prohibits placing calls to a cellular telephone using an automatic telephone dialing system and/or prerecorded or automated voice.

38. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

39. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

40. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number with a prerecorded or automatically generated voice.

41. After Plaintiff revoked consent in July 2017, Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

42. Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

43. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system and/or prerecorded or automated voice to Plaintiff's cellular telephone.

44. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

45. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

46. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

**Wherefore**, Plaintiff respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided in 15 U.S.C. § 1692k(a)(1));

    b. Statutory damages of $1,000 for the violation of the FDCPA (as provided under 15 U.S.C. § 1692k(a)(2)(A))

    c. All reasonable attorneys' fees, witness fees, court costs, and other litigation costs (as provided under 15 U.S.C. § 1693k(a)(3));

    d. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    e.    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    f.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    g.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    h.    Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff demands a jury trial in this case.

Respectfully submitted,

Dated: 7/26/18

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com